EDITH H. JONES, Circuit Judge,
dissenting:
The panel majority here concludes that Hernandez voluntarily consented to the search of the black suitcase, but her consent did not overcome the taint of the suitcase’s unconstitutional investigative squeeze by Officer Ordaz. Applying the exclusionary rule, they hold that evidence of 4 kilograms of cocaine from the drug seizure must be suppressed. With due respect, I dissent. I believe Hernandez’s consent was a product of her free will and not of the exploitation of the unconstitutional conduct.
The exclusionary rule’s primary purpose is to discourage unconstitutional police misconduct. See, e.g., Illinois v. Krull, 480 U.S. 340, 347, 107 S.Ct. 1160, 1165, 94 L.Ed.2d 364 (1987). Thus, evidence may be suppressed when it has been obtained directly or indirectly through illegal police activity. Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963). The exclusionary rule is not, however, employed “when the nexus between the illegal police activity and attainment of the evidence is sufficiently attenuated so that the taint resulting from the misconduct is dissipated.” United States v. Sheppard, 901 F.2d 1230, 1234 (5th Cir.1990) (citing Wong Sun, 371 U.S. at 488, 83 S.Ct. at 417). When a suspect voluntarily consents to a search that reveals the incriminating evidence, this may, but does not necessarily, overcome the taint of the illegal police activity. Brown v. Illinois, 422 U.S. 590, 604-05, 95 S.Ct. 2254, 2261-62, 45 L.Ed.2d 416 (1975).
The majority opinion follows these authorities and considers both the voluntariness of the suspect’s consent and whether *311 the consent represented an independent act of free will. United States v. Chavez-Villarreal, 3 F.3d 124, 127 (5th Cir.1993). Factors that bear on the latter issue, which the Supreme Court has also characterized as whether the consent was based on exploitation of illegality,[1] include: the temporal proximity of the illegal conduct and the consent, intervening circumstances, and “particularly, the purpose and flagrancy of official misconduct.” Rawlings v. Kentucky, 448 U.S. 98, 107-09, 100 S.Ct. 2556, 2562-64, 65 L.Ed.2d 633 (1980). (quoting Brown, 422 U.S. at 603-04, 95 S.Ct. at 2261-62).
While the majority opinion finds Hernandez’s consent to have been voluntary, it denies that her consent was an independent act of free will based solely on the factors of close temporal proximity with the bag squeeze, and no proof by the government of intervening circumstances. The majority concede that the officer’s conduct in squeezing Hernandez’s checked suitcase was not flagrant (and did not even violate Fifth Circuit law at the time),[2] but they ignore the Supreme Court’s statement that this last circumstance is “particularly” important. See Brown, 422 U.S. at 603-04, 95 S.Ct. at 2261-62. In my view, the majority failed properly to balance these three factors.
This case differs critically from other Fifth Circuit cases in which the court con-eluded that consent was not the product of a suspect’s free will. All of those cases involved prolonged illegal detention of suspects pursuant to traffic stops. United States v. Jones, 234 F.3d 234, 241 (5th Cir.2000); United States v. Dortch, 199 F.3d 193, 201 (5th Cir.1999); United States v. Chavez-Villarreal, supra. In those cases, the suspects were not free to leave the roadside; identification papers or drivers’ licenses had been retained by the law officers; and the suspects had to be aware that they were under investigation for crimes other than the minor traffic violations for which they were stopped. The temporal proximity, indeed simultaneity, of the illegal detentions and the suspects’ subsequent consents did not simply exist. As a matter of law, we implied, it caused them to consent, for all practical purposes, because the illegal detentions continued until they gave consent.[3] In Chavez, the court pointed out the impact of the coercive police detention conduct. Chavez, 3 F.3d at 127.
Here, however, temporal proximity did not function in the same way, since Hernandez never knew her bag had been squeezed or investigated. One of our cases makes precisely this point, emphasizing that consent to search was effective where the suspect who gave consent did not know of the prior police misconduct. *312 United States v. Richard, 994 F.2d 244, 252 (5th Cir.1993). And in any event, temporal proximity alone is not determinative of whether the consent was a product of the suspect’s independent free will. See Kelley, 981 F.2d at 1471.
Second, while Hernandez was not told that she was free to leave or could refuse consent to search, she was not detained illegally. The police did not hold onto her I.D. or her tickets. There is no causal connection between her giving of consent and the illegal conduct in squeezing the suitcase. As noted, illegal detention is the critical occurrence in all of the cases in which the exclusionary rule was ultimately applied.
Third, even the illegality of the detention and the temporal proximity are not determinative where the police did not engage in flagrant misconduct or exploit their violations. The Supreme Court bears out this calculus in Rawlings v. Kentucky, where the suspect confessed “after being in what was assumed to be an illegal detention for forty-five minutes. Applying the attenuation exception to the exclusionary rule, the Court emphasized the informal nature of the detention.” See Sheppard, 901 F.2d at 1235, n. 10 (summarizing Rawlings). The Court also pointed out that the officers there appeared to be acting in good faith and unaware that their conduct might violate the Fourth Amendment. Rawlings, 448 U.S. at 110-111, 100 S.Ct. at 2564. The Court concluded:
.... the conduct of the police here does not rise to the level of conscious or flagrant misconduct requiring prophylactic exclusion of petitioner’s statements.

Rawlings, id.

The majority concede that the officers’ conduct here was hardly flagrant. On the contrary, they were almost surely following then-applicable Fifth Circuit law. They were not trying to “exploit” a Fourth Amendment violation when they questioned Hernandez and obtained her consent to search the suitcase. This “particularly” relevant factor should weigh heavily in favor of the government’s position.
Finally, it seems that rather than there being no intervening circumstances,[4] the single circumstance that expressly attenuates the illegal conduct from Hernandez’s consent is the separateness of the two events. Unlike all the other cases where this court has suppressed evidence, Hernandez’s consent was not precipitated by illegal detention or her awareness of any illegal conduct by the police. In no sense can it be concluded that her free will was “overborne” by the officer’s previous conduct. Likewise, this court held that consent to search obtained from a person who was unaware of another person’s involuntary consent was based on intervening circumstances. United States v. Richard, supra.
As the ultimate inquiry for the attenuation exception is whether the suspect consented as an independent act of free will, I fail to see how the majority find otherwise. Applying the exclusionary rule to overcome Hernandez’s consent makes no sense here.
For these reasons, I would REVERSE the district court’s judgment.

. See Wong Sun, 371 U.S. at 488, 83 S.Ct. at 417.

. The United States conceded arguendo a Fourth Amendment violation at oral argument, but it is far from certain that the Supreme Court’s decision in Bond v. United States, 529 U.S. 334, 120 S.Ct. 1462, 146 L.Ed.2d 365 (2000), extends to the manipulation of the exterior of luggage consigned to transportation companies' baggage handling operations. In this court, manipulation of suitcases delivered to the baggage handling area (as opposed to those kept with the passenger in an on-board overhead compartment), has been held constitutional for some years. See United States v. Karman, 849 F.2d 928 (5th Cir.1988).

.It is true, of course, that an illegal detention alone does not preclude a finding of volun-tariness. See, e.g., United States v. Kelley, 981 F.2d 1464, 1471 (5th Cir.1993); see also United States v. Navarro, 169 F.3d 228, 231 (5th Cir.1999). In both these cases, this court applied the Brown factors and held that the consents to search purged the taint of any possible Fourth Amendment violation. See also Rawlings v. Kentucky, supra.

. Among such intervening circumstances are the giving of Miranda warnings, Brown v. Illinois, supra; and telling the suspect he could refuse to consent, Kelley, supra.